# EXHIBIT "B"

# LDG SOUTH, LLC BID PROCEDURES

The following procedures ("**Bid Procedures**") have been approved and authorized by the Bankruptcy Court for the Middle District of Florida, Judge Alexander L. Paskay ("**Bankruptcy Court**") (see Bid Procedures and Sale Process Order [D.E. ___]) in the Bankruptcy Case styled *In re LDG South, LLC*, Case no. 09-24038-ALP and shall govern any auction conducted by Debtor LDG South, LLC (the "**Debtor**" or "**Seller**") of the Debtor's property ("**Property**") as defined in and pursuant to the terms of the Agreement for Purchase and Sale ("**APS**") which will be utilized in connection with the Auction and sale of the Assets. A copy of the APS can be obtained by contacting Stephen Leslie at 110 East Madison Street, Tampa, Florida 33602; Phone: 813-229-0144; Fax: 813-229-1811.

1. **Property to be Sold**. The Property that is offered for sale at the Auction shall be sold pursuant to Bankruptcy Code §363 free and clear of all liens, claims, encumbrances and other interests in the Assets (except for ad valorem taxes). The Assets to be offered for sale at the Auction are more fully described in APS.

2. **Auction and Sale Approval Hearing**. Debtor has received approval to sell the Property under the terms of APS to the highest and best bidders, free and clear of liens, claims and encumbrances pursuant to 11 U.S.C. §§ 363 and 365. Debtor shall conduct an auction at **the offices of Stichter Riedel Blain & Prosser, 110 East Madison Street, Tampa, Florida 33602, on _____ at _____** ("**Auction**"). The Bankruptcy Court will conduct a hearing to approve the sale resulting from the Auction at **Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Tampa, FL 33602, on _____ at __:___ a.m./p.m.** ("**Sale Approval Hearing**").

3. **Purchase Price.** The reserve price for Debtor's Property to be sold at the Auction more fully described in paragraph 1 above, is Eleven Million Eight Hundred Thousand Dollars ($11,800,000.00) ("**Purchase Price**").

4. **Bidding Qualifications**. Debtor shall determine whether a bidder is a **"Qualified Bidder."** AGR TM, L.L.C., ("AGR"), or its respective assignees, are automatically Qualified Bidders pursuant to its credit bids under 11 U.S.C. §363(k) of its secured claims and do not have to comply with the requirements of this paragraph and its subsections. To be eligible to be considered a Qualified Bidder, a prospective bidder must comply with the following terms and conditions ("**Bidding Qualifications**"):

    A. Deposit. A prospective bidder must deliver an earnest money deposit in the amount of $1,180,000.00 ("**Deposit**") in the form of a certified check or wire transfer payable to Stephen R. Leslie, Esq., **Stichter Riedel Blain & Prosser,** as escrow agent, **110 East Madison Street, Tampa, Florida 33602**, Attention: Stephen R. Leslie; by _____, at _____ **Eastern Standard Time** (the "**Bidding Deadline**").

B.  **Financial Information**.  By the Bidding Deadline, a prospective bidder must also provide evidence to Debtor of the ability to pay at least the Purchase Price and other customary financial information. The sufficiency of such evidence will be in the discretion of the Debtor. Moreover, each bidder must provide evidence reasonably satisfactory to Debtor demonstrating the bidder's financial ability to close and to consummate an acquisition of the Assets, including without limitation evidence of the bidder's ability to comply with the requirements of Bankruptcy Code § 365 pertaining to any executory contracts to be assumed and assigned pursuant to Bankruptcy Code §365.

C.  **Agreement For Purchase And Sale**.  By the Bidding Deadline, a prospective bidder also must provide both a hard copy and an electronic copy of the initial written purchase offer to _____, Debtor's representative, Debtor's counsel, Stichter Riedel Blain & Prosser, 110 East Madison Street, Tampa, Florida 33602, Attention: Stephen R. Leslie, and AGR's counsel, Ruden McClosky P.A., 200 East Broward Boulevard, Suite 1500, Fort Lauderdale, Florida 33301, Attention John L. Farquhar, in the form of an agreement, executed by such prospective purchaser, substantially in form of the APS, with an additional copy, comparatively redlined with the APS, to show the changes made to the form of the APS by such prospective purchaser.  The prospective bidder must also include a list of contracts it requests Debtor to assume and assign.  Debtor may accept modifications to the APS submitted by a prospective purchaser who otherwise complies with the Bid Procedures if Debtor, in the exercise of its business judgment, determined that the proposed modifications, independently or in conjunction with any other Qualified Competing Bid(s) result(s) in a higher or better offer.

D.  **Related Party Disclosures**. Each prospective bidder must disclose any connections or agreements with Debtor, AGR, any other prospective bidder or Qualified Bidder, and/or any officer, director or equity security holder of Debtor or AGR.

E.  **Acceptance of Bid Procedures**.  Each prospective bidder must confirm in writing its agreement to accept and abide by the terms, conditions and procedures set forth in the Bid Procedures Order.

F.  **Appearance at the Auction and Sale Approval Hearing**.  All Qualified Bidders shall appear in person at the Auction and Sale Approval Hearing, or through a duly authorized representative.

G.  **Jurisdiction**.  All Qualified Bidders shall be deemed to have consented to the jurisdiction of the Bankruptcy Court and to have waived any right to jury trial in connection with any disputes related to the Auction or the Assets.

H.  Evidence of Good Faith.  Each Qualified Bidder shall provide Debtor with evidence in the form satisfactory to Debtor of each bidder's good faith within the meaning of Bankruptcy Code § 363(m) at of before the Auction.

5.  **Identification of Qualified Bidders.**  No prospective bidder shall be permitted to bid at the Auction unless such bidder is a Qualified Bidder.  No later than three (3) business days prior to the Auction, Debtor and its professionals shall determine which prospective bidders, if any, constitute Qualified Bidders.  Debtor may request additional information from a prospective bidder in order to evaluate the bidder's ability to consummate a transaction and to fulfill its obligations in connection therewith, and such bidder shall be obligated to provide such information as a precondition to participating further in the Auction.  Only Debtor will have standing to seek a determination of whether a bidder is a Qualified Bidder.  AGR, or its respective assignees, are automatically Qualified Bidders pursuant to their credit bids under Bankruptcy Code §363(k) of their secured claims and do not have to comply with the requirements of this paragraph.

6.  **Bid Procedures**. A "**Qualified Bid**" must (i) provide that the purchase price will be paid in cash at closing; (ii) provide sufficient indicia that any representative of a Qualified Bidder is legally authorized and empowered, by power of attorney or otherwise, to (a) bid on behalf of the Qualified Bidder and (b) complete and sign, on behalf of the Qualified Bidder, a binding and enforceable purchase agreement; (iii) not contain any contingencies to the validity, effectiveness and/or binding nature of the bid, including, without limitation, contingencies for financing, due diligence or inspection; (iv) provide for post-closing cooperation and assistance to the Debtor, as determined by the Debtor; and (v) be valid through the closing date.  Each Qualified Bidder should be prepared to make its best and final offer at the Auction. AGR, or its respective assignees, are exempt from these qualifications by virtue of their "credit bids" under Bankruptcy Code § 363(k).

7.  **Bidding Process**.  The Auction shall be conducted in accordance with the following bidding process:

   A.  After bidding commences, any successive overbid must be made by a Qualified Bidder and free of any financing, diligence, or other contingencies. AGR or its respective assignees are exempt from these qualifications by virtue of its credit bids under Bankruptcy Code §363(k);

   B.  Any successive overbids shall be made by a Qualified Bidder and shall be made in increments of not less that $50,000.00 of cash consideration in excess of the last submitted, highest, qualified bid for the Assets.  AGR shall have the right to match any successive overbid;

C. Any successive overbid shall be irrevocable unless and until it is not deemed the highest and best bid;

D. The competitive bidding among Qualified Bidders shall continue according to these procedures until the highest and best bid ("**Successful Bidder**") to purchase the Assets is received by the Debtor;

E. Debtor shall be authorized to accept the second highest and best bid ("**Back-Up Bidder**") as a back-up bid (the "**Back-up Bid**") to the Successful Bidder's bid, provided, however, that the proposed Back-Up Bidder consents to serve as such;

F. The Successful Bidder shall be required to close 60 days after entry of the order approving the sale to the Successful Bidder, or such earlier date as the Successful Bidder elects to close. The Purchase Price shall be paid in cash at the closing unless AGR, or its respective assignees, is the Successful Bidder by virtue of its Credit Bid. The Back-Up Bidder shall be obligated to close on the Back-Up Bid if the Successful Bidder does not timely close within 5 days after the Successful Bidder's failure to close.

G. If AGR, or its respective assignees, is the second highest bidder, AGR, or its respective assignees, may, at its discretion, act as the Back-Up Bidder if the Successful Bidder does not close for any reason. If AGR, or its respective assignees, are not the highest or second highest bidder, AGR shall, or their respective assignees, at their election, have the right to stand as an additional backup buyer if the Successful Bidder or Back-up Bidder does not close for any reason.

8. **Disposition of Deposit**. The Deposit will only be refunded to the Qualified Bidder if the Qualified Bidder is not in breach of the APS or any Court Order and if: (i) Qualified Bidder is not the Successful Bidder or the Back-Up Bidder; (ii) the Bankruptcy Court does not approve the sale to the Successful Bidder or the Back-Up Bidder; (iii) the Qualified Bidder is the Back-Up Bidder and the Successful Bidder closes on the transaction; or (iv) Successful Bidder or the Back-Up Bidder's obligation to close on the APS is excused by Debtor's breach or otherwise. Any Deposits retained pursuant to this paragraph are deemed fortified and immediately become property of the Debtor's Bankruptcy estate. Any Deposits received by parties not determined to be Qualified Bidders shall be returned, without any accrued interest, to the party making the deposit within two (2) business days of the determination that the party was not a Qualified Bidder.

9. **Bankruptcy Court Approval**. The Sale is subject to the approval of the Bankruptcy Court at the Sale Approval Hearing.

10. **Debtor's Business Judgment**. Debtor: (a) may exercise its business judgment to recommend the sale of the Property to any Qualified Bidders whose bid

Debtor determines, in its reasonable discretion, to be the highest and best and in the best interests of the Debtor's estate; and (b) shall consult with any significant constituent, that it deems necessary in connection with the bidding process and the selection of the highest or otherwise best bid. Debtor reserves the right to cancel the Auction for any reason and to object to and oppose any request for a recess or for a continuance of the Auction and the Sale Approval Hearing.

      11.    **<u>No Representation</u>**. Each Qualified Bidder shall be deemed to acknowledge that it is not relying upon any oral or written statement, representations, or warranties of Debtor, or any of its agents, or representations.

      12.    **<u>Additional Terms</u>**. Debtor may, at or before the Auction, impose such other and additional terms and conditions not inconsistent with these Bid Procedures as they determine to be in the best interests of the Debtor, Debtor's estate and its creditors, or other parties in interest.